UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GOODSON, | No. 2:14-cv-261-TLN-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN PRICE, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition on the grounds that the court is precluded from reviewing the only claim that petitioner has exhausted.  Petitioner filed an opposition to respondent's motion.  For the reasons that follow, it is recommended that respondent's motion to dismiss be granted.

**I.    BACKGROUND**

On May 30, 2012, a jury convicted petitioner of transporting a controlled substance, possessing a controlled substance, possessing a prohibited weapon, and carrying a concealed dirk or dagger.  Notice of Lodging Documents, ECF No. 16, ("Lodg. Doc.") 1.  On August 21, 2012, petitioner was sentenced to a state prison term of seven years and eight months.  *Id.*

Petitioner appealed his sentence to the California Court of Appeal, Third Appellate District ("Court of Appeal").  Lodg. Doc. 2.  On August 8, 2013, the Court of Appeal affirmed

1

the judgment. Petitioner filed a petition for review in the California Supreme Court. Lodg. Doc. 3. In that petition, petitioner argued that the trial court erred in not suppressing evidence obtained in violation of the Fourth Amendment. *Id.* The California Supreme Court denied review on October 16, 2013. Lodg. Doc. 4. Petitioner did not file any state post-conviction collateral challenges to his judgment in the California Supreme Court.

Petitioner filed his federal habeas corpus petition on January 28, 2014. ECF No. 1. His petition raises three grounds: (1) "The unreasonable search[] and seizure[,] and [t]he suppression of evidence"; (2) "presentence conduct credit"; (3) "There was a Pitchess motion to show that [] Officer Raymond has a pattern of d[y]sfunctional behavior." *Id.* at 5, 7-8. Petitioner does not provide any elaboration on these arguments in his petition.

## II.    ANALYSIS

In the motion to dismiss, respondent argues that petitioner's presentence conduct credit and *Pitchess* motion claims are not exhausted and not colorable. ECF No. 15 at 2-4. Respondent also argues that Supreme Court precedent precludes this court from reviewing petitioner's Fourth Amendment claim. *Id.* at 3-4.

### A.    Petitioner's Presentence Credit and *Pitchess* Motion Claims

A state prisoner must exhaust available state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy this "exhaustion requirement," a state prisoner must present his claims to a state supreme court, even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). Because the petition for review that petitioner filed in the California Supreme Court did not address either the presentence credit or the *Pitchess* motion claim, *see* Lodg. Doc. 3, petitioner has failed to exhaust those claims. This court is therefore precluded from granting habeas relief on those claims. 28 U.S.C. § 2254(b)(1)(A).

Respondent also argues the presentence credit and *Pitchess* motion claims are not colorable because they are vague and conclusory. ECF No. 15 at 4. "It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24

1  F.3d 20, 26 (9th Cir.1994)); *see also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011)
2  ("Greenway's cursory and vague claim cannot support habeas relief."). Because the petitioner
3  has not provided any elaboration or a statement of supporting facts, the undersigned recommends
4  that the court dismiss the petition. *See Razo v. Thomas*, 700 F. Supp. 2d 1252, 1267-68 (D. Haw.
5  2010) (dismissing a "conclusory and unsupported" claim in a habeas petition for failure to state a
6  claim).

7  **B.     Petitioner's Fourth Amendment Claim**

8  Respondent concedes that petitioner has exhausted the Fourth Amendment claim. ECF
9  No. 15 at 3 (referring to the claim as "the only exhausted ground of the federal petition").
10 However, respondent argues that United States Supreme Court precedent nevertheless precludes
11 this court from reviewing that claim. *Id.*

12 The Supreme Court has held that "where the State has provided an opportunity for full and
13 fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas
14 corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was
15 introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). There is no evidence before
16 the court that petitioner did not have a full and fair opportunity to litigate his Fourth Amendment
17 claims in state court. On the contrary, petitioner filed a motion to suppress in the trial court and
18 received a hearing on that motion. *See* Lodg. Doc. 5 (a copy of the motion to suppress that
19 defense counsel filed on behalf of petitioner in the trial court). Because petitioner had a fair
20 opportunity to—and did in fact— litigate his Fourth Amendment claim in state court, that claim is
21 barred in this federal habeas proceeding. *Stone*, 428 U.S. at 494.

22 **C.     Leave to Amend**

23 Where a petition contains both unexhausted and exhausted claims, the petition must be
24 dismissed with leave to amend to allow the petitioner to file an amended petition stating only
25 exhausted claims (either by exhausting the previously unexhausted claims prior to filing the
26 amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455
27 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981. 986 (9th Cir. 1998);
28 *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a stay

1  of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*,
2  564 F.3d 1133 (9th Cir. 2009) (outlining two avenues for seeking a stay, one under *Kelly v. Small*,
3  315 F.3d 1063 (9th Cir. 2002) and one under *Rhines v. Weber*, 544 U.S. 269 (2005)). As
4  explained above, the court is precluded from reviewing the only exhausted claim. Accordingly, if
5  petitioner wishes to amend his petition, he should seek a stay of the federal proceedings while he
6  attempts to exhaust his unexhausted (and currently conclusory and unsupported claims).[1]

### III. RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that (1) respondent's motion to dismiss (ECF No. 15) be granted, and (2) the petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 8, 2014.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned also notes that the Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (citations omitted).